
SEALED

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

MAY 17 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 1:19mj59
Stored electronic data contained in a )
IPhone Cellular Telephone with )
IMEI # 354864091403924 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
See Attachment "A"

located in the ____Western____ District of ____Virginia____, there is now concealed *(identify the person or describe the property to be seized):*
See Attachment "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18, USC, Section 1071 | Concealing person from arrest. |

The application is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Marcus Ball  Deputy U.S. Marshal
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __05/17/2019__

_____
*Judge's signature*

City and state: Abingdon, VA

Honorable Magistrate Judge Pamela Meade Sargent
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF VIRGINIA

Abingdon Division

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR THE SEARCH OF STORED ELECTRONIC DATA CONTAINED IN A IPHONE WIRELESS TELEPHONE WITH IMEI# 354864091403924 CURRENTLY LOCATED IN THE USMS EVIDENCE VAULT IN ABINGDON ,VA | **UNDER SEAL**<br><br>1:19-sw- |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Marcus Ball, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for stored electronic data contained in an IPhone Wireless Telephone with IMEI #354864091403924, taken from Brandon WHITT pursuant to an arrest warrant executed on April 15, 2019. The Telephone is currently in the custody of the U.S. Marshal's Service Abingdon Division and located in the Western District of Virginia.

2. I am a Deputy U.S. Marshal so employed since November 2003. I am currently assigned to Abingdon Division of the Western District of Virginia. I have taken part in numerous federal investigations of the Adam Walsh Act, escaped federal prisoners, and false statements. I have conducted several multi-jurisdictional fugitive investigations both state and federal.

1

3. I am an investigative law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 United States Code, and am empowered by law to conduct investigations and to make arrests for the offenses enumerated in Section 2516 of Title 18 United States Code.

4. During my tenure in law enforcement, I have become aware of the sophisticated tactics fugitives and co-conspirators routinely use to attempt to thwart detection by law enforcement which include the utilization of numerous different cellular telephones, counter surveillance, false or fictitious identities, and coded communications and conversations.

5. In the course of conducting these investigations, your affiant has been involved in the use of the following investigative techniques: interviewing confidential sources and cooperating witnesses; conducting physical surveillance; consensual monitoring and recording of both telephonic and non-telephonic communications; analyzing telephone pen register data; requesting, collecting and analyzing billing records; and conducting court-authorized electronic surveillance. Further, I have participated in the preparation, presentation and execution of numerous search and arrest warrants, which have resulted in the recovery of cell phones, electronic devices, money and documentary evidence indicative of concealing identification and/or locations. Additionally, I have assisted in investigations and arrests leading to convictions for violations of federal and state laws.

2

Case 1:19-mj-00059-PMS   Document 3   Filed 05/17/19   Page 3 of 14   Pageid#: 5

6. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

7. Based on my training and experience and the facts, as set forth in this affidavit, there is probable cause to believe that Vickie Dye along with her co-conspirators have committed violations of Title 18 U.S.C. § 1071. There is also probable cause to search the information described in Attachment A for evidence, contraband or fruits of these crimes, as described in Attachment B.

## PROBABLE CAUSE

8. On September 20, 2018 an arrest warrant was issued for Brandon Whitt for Conspiracy to distribute and possess with the intent to distribute a substance containing methamphetamine.

9. On September 21, 2018, I was assigned to investigate, locate, and arrest Brandon Whitt based on the federal arrest warrant. I began my investigation into Whitt on 10/10/2018 by interviewing Rhonda Beach and Desari Schossig. They are Whitt's girlfriend and her mother. I notified them on this date that Whitt was a federal fugitive and the laws governing harboring and false statements.

10. On October 24, 2018, Deputy U.S. Marshal Jim Satterwhite and I interviewed Paul Joseph Whitt. This occurred at his home in Bristol, VA. Whitt, aka Joe Whitt stated he

3

had not seen nor spoken to his son in approximately four weeks. I asked Joe Whitt about Brandon's mother. He stated her name is Vickie Dye and she lives in the Sword's Creek, VA community. Joe Whitt stated to that he could not contact his son Brandon and will need to wait for Brandon to contact him.

11. On October 26, 2018, I researched the VA Identification card address for Vickie Johnson Dye. I found that her address of record is 60 Paintball Drive, Honaker, VA. This Identification card was issued on June 06, 2018. On October 29, 2018, Deputy U.S. Marshal Daniel Heininger and I traveled to the address to interview Dye. Dye was not located at this time and the tenant said he did not know her.

12. On March 26, 2019, I contacted Capital Area Regional Fugitive Task Force Officer, Jon Hankins in reference to Vickie Dye. I tasked Hankins with locating Dye in the Tazewell County, VA area and interviewing her about Brandon Whitt. Hankins located her at 119 Randall road, Richlands, VA. She was accompanied by Freddy Dye (husband). Vickie Dye stated to Hankins that she talked to Brandon Whitt around Christmas, 2018. She claimed the conversation was through text and his number was "restricted". She told Hankins that he would likely be with his father in Bristol, VA. She provided her cell phone number as: 276-345-2029. Hankins and I determined that the actual number was 276-345-2092 and he wrote this mistakenly in his report to me.

13. On March 29, 2019, Special Agent Justin Masuhr contacted me in regards to Desari Schossig being housed in the Southwest Virginia Regional Jail Abingdon Facility (Jail). Masuhr determined from recorded jail phone calls that Schossig was contacting her mother, Rhonda Beach (423-217-8988) to arrange for Brandon Whitt to receive Schossig's cell phone, cash, and bank card. I learned from interviewing Rhonda Beach

4

on 04/03/2019 that Desari Schossig's cell phone number is 423-484-1569. Beach also described the phone as being an I-Phone in a lime green case.

14. Masuhr determines from his investigation of several recorded jail phone calls between Schossig and Beach that Beach receives a phone call from the Jail and then 3-way calls Brandon Whitt. The phone number mentioned for Schossig to call is 276-345-2092. This number is known to be Vickie Dye's cell phone number based upon the interview that Hankins conducted.

15. On April 11, 2019, I was contacted by Special Agent Justin Masuhr. He advised me he was receiving emails from the Jail pertaining to Desari Schossig and Rhonda Beach. He advised me about one particular email dated: 04/10/2019. The email is from Rhonda Beach to Chelsey Burkett. Contained in the email is instructions for the recipient to call 276-596-4391 at 09:30 the following morning. Another email was sent by Rhonda Beach to Chelsey Burkett on 04/11/2019. In this email the author states the recipient should call at 3:30 or 7:30.

16. On April 11, 2019, I searched the Jail phone call system for phone number 276-596-4391. I found several calls to this number from the accounts of Lebron and Williams. I listened to a call dated: 04/03/2019 (89191390). During this call I believe Joe Whitt (Vickie Dye's son and federal inmate for the Eastern District of Tennessee) is speaking with Vickie Dye. During the call the female says "son" and the male says "mom". Based on this I believe Vickie Dye was using the cell-phone with number: 276-596-4391. I listened to a call (89430328) dated: 04/11/2019. This call come from the account

5

belonging to Williams. During this call a female's voice that I recognize as being Schossig is speaking to a male voice.

17. During the course of this investigation I have accessed and listened to many jail phone calls between Rhonda Beach, Desari Shossig, Vickie Dye, and an unknown male. I've determined based on the people he is communicating with and the types of words he uses during the conversation that the unknown male is Brandon Whitt. I contacted Russell County Investigator Scottie Whited about any warrants held on Brandon Whitt. Whited provided me with several warrants and I adopted a Circuit Court Capias for Whitt based on the charge of him failing to appear for trial. The United States Marshal Service has the unique ability to assist local and state agencies with locating fugitives. This authority comes from the Presidential Threat Protection Act of 2000.

18. Based on the Russell County Circuit Court Capias, I requested via application through Circuit Court Judge Brian Patton an order authorizing the installation of a pen register, trap and trace, and location services for phone number 276-596-4391. I determined this a Verizon Wireless provider and during the normal course of business Verizon will provide the investigative agency with Range To Tower data (RTT) once the court order is served.

19. On April 12, 2019, I received the signed order from Judge Patton and forwarded this order to Verizon Wireless. The United States Marshals Service has a specialized group of investigators that focus on supporting the districts with technical based investigation. I received information from Verizon Wireless on the device via this group in the United States Marshal Service. I received the phone call records this phone had made "historical" records and I matched those records with the know phones I had for Dye, Schossig, and Beach. I determined that 276-596-4391 was in contact with all the above

6

persons in the recent past based off the phone numbers I have for Dye and her co-conspirators.

20. On April 13, 2019, I received information about the location of this phone. I learned from the Verizon information that the device was in the Pigeon Forge, TN area. The device then traveled to near Honaker, VA through Rowe, VA and eventually made calls in the Oakwood and Vansant, VA areas. I continued to investigate the connection in Buchanan County, VA. I learned from Freddy Dye that a red S-10 Extreme truck parked in his drive way was stolen around April 11, 2019 from his home in Richlands, VA. Dye showed me video surveillance of a small black S-10 truck driving by his house then the Red S-10 driving away and the black truck following.

21. I determined that this truck was possibly owned by Doyle Justice from Page Drive in Buchanan County, VA. I conducted surveillance on the address believed to belong to Justice. I also learned that Justice and Vickie Dye were living together. On April 15, 2019, I viewed the red S-10 Extreme truck parked at the suspected address of Doyle Justice on Page drive. I received a phone call from a citizen's tip that the red S-10 Extreme truck traveled on Route 626 near Mutter's Cemetery from Page Drive.

22. I contacted the Buchanan County Sheriff's Office (BCSO) and requested they assist me in locating this truck and fugitive Brandon Whitt. Members of the Sheriff's Office were previously briefed on the truck and they knew the description of Whitt and had his picture. BCSO was also familiar with Doyle Justice and his family's property on Page Drive.

23. On April 15, 2019 at approximately 20:00 EDT, BCSO deputies and I traveled to area nears Mutter's Cemetery. Upon arrival BCSO officers viewed Whitt standing outside the

7

red truck and talking on a cell-phone. According to statements by the officers, Whitt "threw" the phone onto the ground. He was placed in handcuffs and arrested. I arrived while he was being searched incident to arrest and took custody of all his property. The officers collected several property items including the cell-phone he was using at the time of arrest and one on his person during the search of his clothing.

24. Based on my investigation of Dye and her co-conspirators, the numerous recorded Jail phone calls that I have listened to, I believe that the phone on Whitt's person belonged to Desari Schossig. I believe after speaking to Whitt in person during and after his arrest he is the "unknown male" in the recorded jail phone calls mentioned previous. I believe this phone contains evidence pertaining to the crime of harboring a fugitive. Therefore, I submit that probable cause is established based on all the facts listed in this affidavit for a search warrant to gather evidence of the crime.

25. The Device is currently in the lawful possession of the United States Marshals Service (USMS). It came into USMS possession in the following way: This device was seized during arrest of fugitive Brandon Whitt on April, 15, 2019 in Buchanan County, VA. Therefore, while the USMS might already have all necessary authority to examine the Device, I seek this additional warrant out of an abundance of caution to be certain that an examination of the Device will comply with the Fourth Amendment and other applicable laws.

26. The Device is currently in storage at the USMS evidence vault, Abingdon, VA. In my training and experience, I know that the Device has been stored in a manner in which its

contents are, to the extent material to this investigation, in substantially the same state as they were when the Device first came into the possession of the USMS.

## **WIRELESS TELEPHONES**

27. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device. The current generation of "smartphones" also provides the capability to employ Third Party Applications (apps) to provide additional

9

messaging, voice communication, and media capabilities. The aforementioned data can also be located on a device contained within these apps.

28. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on cellular telephones seized because Data on the device can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process.

29. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer or wireless telephone is evidence may depend on other information stored on the device and the application of knowledge about how a device behaves. Therefore, contextual information necessary to

10

understand other evidence also falls within the scope of the warrant. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

30. Based on the foregoing, and consistent with Rule 41 ( e ) (2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

31. Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

32. Based on the foregoing, and consistent with Rule 41(e) (2) (B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

33. Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

34. Based on the forgoing, I request that the Court issue the proposed search warrant.

35. This Court, the United States District Court for the Western District of Virginia, has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.

## REQUEST FOR SEALING

36. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

_____
Deputy Marshal Marcus Ball
United States Marshals Service
United States Department of Justice

12

Subscribed and sworn to before me on ___May 17th___, 2019

_____
HONORABLE JUDGE PAMELA MEADE SARGENT
UNITED STATES MAGISTRATE JUDGE IN THE
WESTERN DISTRICT OF VIRGINIA